UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL HARRISON, | ) Civil No.12-2588-IEG(WVG) |
| Petitioner, | ) REPORT AND RECOMMENDATION<br>) GRANTING RESPONDENT'S |
| v. | ) MOTION TO DISMISS |
| C. TAMKIN, Warden, | ) (DOC. NO. 6) |
| Respondent. | ) |

Cornell Harrison ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent C. Tamkin ("Respondent") has filed a Motion to Dismiss the Petition. Petitioner has not filed an Opposition to the Motion to Dismiss.

The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, and the lodgments presented therewith, finds that Petitioner is not entitled to the relief requested and that Petitioner's Petition is

barred by the statute of limitations. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

On May 5, 2010, Petitioner pled guilty to one count of corporal punishment to a spouse and admitted a prior strike conviction. On that same date, Petitioner was sentenced to nine years imprisonment and was ordered to pay $1,800.00 in restitution.

Petitioner did not appeal his convictions or sentence.

On May 5, 2011, Petitioner constructively[1] filed a Petition For Writ Of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 3). The Petition requested the trial court's transcripts of the proceedings in his case to be provided to him at no cost. In the Petition, Petitioner stated, "I have future plans of Attacking/Litigating issues regarding/surrounding my case..." (Respondent's Lodgment No. 3 at 3). On June 30, 2011, the Superior Court denied the Petition. (Respondent's Lodgment No. 4).

On July 28, 2011, Petitioner filed a second Petition For Writ Of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 5). The Petition was essentially the same as the Petition filed on May 5, 2011. On

---

[1] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266(1988).

September 12, 2011, the Superior Court denied the Petition. (Respondent's Lodgment No. 6).

On February 25, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 7). The Petition was essentially the same as the Petition filed on May 5, 2011. In the Petition, Petitioner stated: "I need my sentencing transcripts in order, to contest my Restitution. I should be allowed one copy." Petitioner explained to the Court of Appeal that he did not understand why restitution amounts were being deducted from his prison account when he thought that he did not have to pay restitution. (Respondent's Lodgment No. 7 at 3). On March 15, 2012, the Petition was denied. (Respondent's Lodgment No. 8).[2]

On May 10, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's Lodgment No. 9). The Petition was essentially the same as the Petition filed on May 5, 2011, and claimed that his restitution fine was unlawful. In the Petition, Petitioner stated, "I am pursuing avenues in which to contest how effectively, competently, my attorney explained, so that a laymen (sic) could understand, the stipulations and understanding within my/the 'Plea agreement': specifically 'Low, mid, High term' Legal regulations, Legalities." (Respondent's Lodgment No. 9 at 4).

---

[2] On March 14, 2012, the Court Reporter at Petitioner's sentencing hearing sent Petitioner a letter stating that she had received a request from Petitioner for an estimate to produce a transcript of his case. The Court Reporter stated that the cost of the transcript was $30.15. (Respondent's Lodgment No. 9, last page).

Further, Petitioner stated, "I want to 'Appeal' my restitution hearing, imposition, decision, in which to provide an effective and adequate defense in case my 'contentions' regarding me (sic) 'restitution' imposition - not sentence - are challenged, Argued by court; debated. They cannot determine what's frivolous or considered 'mere' browsing." (Respondent's Lodgment No. 9 at 4). On July 25, 2012, the California Supreme Court denied the Petition. (Respondent's Lodgment No. 10).

On October 23, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. On December 12, 2012, Petitioner filed a First Amended Petition that is now before the Court.

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

1. The AEDPA's One-Year Statute of Limitations

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the Petition was filed on August 27, 2010, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition."

Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Id.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

        presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner did not file an appeal after he was sentenced on May 5, 2010. If a petitioner does not appeal the state court judgment, his conviction becomes final on the date on which the time for filing such an appeal expired. U.S. v. Garcia, 210 F.3d 1058 (9th Cir. 2000); Miller v. Adams, 2009 WL 6526009 at *2 (S.D. Cal. 2009); Kapral v. U.S., 166 F.3d 565, 575, 577 (3rd Cir. 1999); Lewis v. Mitchell, 173 F. Supp 2d 1057, 1060 (C.D. Cal. 2001). In California, a conviction becomes final 60 days after the Superior Court proceedings have become final. Lewis, 173 F. Supp 2d at 1060. Therefore, Petitioner's conviction became final on July 5, 2010.[3]

Therefore, absent tolling, Petitioner had one year or until July 5, 2011, to file his Petition For Writ of Habeas Corpus in this Court. However, as explained in detail below, Petitioner waited over one year to file the Petition that is now before the Court, thus making it untimely and barred by the statute of limitations.

Petitioner filed several petitions for post-conviction relief in the California Superior, Appellate, and

---

[3] The 60th day after May 5, 2010 was July 4, 2010. Since July 4, 2010 was a national holiday, the Court uses July 5, 2010 as the date Petitioner's conviction became final.

Supreme Courts. The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time. The statute of limitations is <u>not tolled</u> from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. <u>Nino</u>, 183 F.3d at 1006

Statutory tolling is unavailable for the interval between successive filings in the same court. <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001); <u>Camacho v. Hernandez</u>, 2009 WL 192483 at *4 (S.D. Cal. 2009).

However, the Ninth Circuit applies a two part test to determine whether the period between the denial of one petition and the filing of a second petition in the same court should be tolled. <u>Banjo v. Ayers</u>, 614 F.3d 964, 968 (9th Cir. 2010), citing <u>Hamerle v. Schriro</u>, 495 F.3d 1069, 1075 (9th Cir. 2007). First, the court must ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir. 2003). If the petitions are not related, the subsequent petition constitutes a new round of collateral attack, and

the time between them is not tolled. Banjo, supra, at 969, citing Hemerle, supra, at 1075.  If the successive petition was attempting to correct deficiencies of a prior petition, then the petitioner is still making "proper use of state court procedures" and habeas review is still pending. Banjo, supra, at 969, citing King, supra, at 823.

Discovery motions do not statutorily toll the statute of limitations because they do not constitute "a properly filed application for post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Discovery motions do not challenge a petitioner's conviction, but simply seek material that might be of assistance to him/her in later state and/or federal proceedings. Ramirez v. Yates, 571 F.3d 993, 999-1000 (9th Cir. 2009) citing Hodge v. Greiner, 269 F.3d 104, 107 (2nd Cir. 2001); Pineda v. Trimble, 2012 WL 2160964 at *1 (C.D. Cal. 2012) (A "Motion for Order For Transcripts" to prepare a "habeas defense" does not toll the statute of limitations.)

Petitioner's first petition for relief after his convictions and sentence became final was filed on May 5, 2011 in the San Diego Superior Court. On June 30, 2011, the Superior Court denied the Petition. From July 5, 2010 (the date Petitioner's convictions and sentence became final) to May 5, 2011, (the date Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court) (**10 months)**, the statute of limitations

was **not tolled** because there was no case pending during that interval. Nino, 183 F.3d at 1006.

From May 5, 2011 (the date Petitioner filed his first petition for relief after his conviction and sentence became final) to July 25, 2012, (the date the California Supreme Court denied Petitioner's Petition for Writ of Habeas Corpus), Petitioner's Petitions consisted of requests that the San Diego Superior Court, California Court of Appeal, and the California Supreme Court, provide him with transcripts of the proceedings in his case at no cost to him. In the Petitions, Petitioner made clear that he was seeking the transcripts for his future plans to litigate issues in his case, to contest the competence of his counsel, and to contest the imposition of a restitution fine on him. The Petitions did not challenge his conviction nor the restitution fine. Rather, the Petitions were motions for discovery that sought material that might have been helpful to him in future state and/or federal proceedings. Such motions do not toll the statute of limitations. Ramirez, supra, at 999-1000, Pineda, supra, at *1. Therefore, from May 5, 2011 to July 25, 2012 (**1 year, 2 months, 20 days)**, the statute of limitations was not tolled.

On October 23, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. From July 25, 2012 (the date the California Supreme Court denied the Petition for Writ of Habeas Corpus) to October 23, 2012, **(2 months, 28 days)**, the statute of limitations was not tolled

because there was no case pending during that interval. Nino, 183 F.3d at 1006.

Adding together the three periods of time when the statute of limitations was **not tolled** (**10 months + 1 year 2 months, 20 days + 2 months, 28 days**), results in a total of **two years, three months and 18 days**, which is well beyond the one year statute of limitations mandated by 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner failed to file his Petition for Writ of Habeas Corpus in a timely fashion and it is therefore barred.

### III
### THE PETITION IS NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

The U.S. Supreme Court has held that equitable tolling is available under 28 U.S.C. § 2244(d). see Holland v. Florida, 130 S.Ct. 2549, 2554, 2562 (2010). In Holland, the Court recognized equitable tolling of the AEDPA one-year limitations period when the prisoner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that AEDPA's one-year statute of limitations is subject to equitable tolling. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in Beeler noted

that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. [quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)]. The Beeler court wrote that district judges must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." Id. at 1289.

The burden is on Petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006) citing Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). When courts assess a habeas petitioner's argument in favor of equita-

ble tolling, they must conduct a "highly fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000), <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001).

Here, Petitioner has failed to show that he has diligently pursued his rights. Petitioner did not file a petition for writ of habeas corpus in the California courts that challenged the restitution ordered by the sentencing court, nor the effectiveness of counsel. Rather, he filed petitions that were actually discovery motions that sought material that might have been helpful to him in pursuing state court petitions that might have challenged the ordered restitution. Further, Petitioner has failed to show that some extraordinary circumstance beyond his control prevented his timely filing of the Petition for Writ of Habeas Corpus in this Court. Consequently, the Court finds that Petitioner's Petition is not entitled to equitable tolling of the statute of limitations.

## IV

## CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d).

1    Accordingly, the Court RECOMMENDS that Respondent's
2 Motion to Dismiss is GRANTED.
3    This Report and Recommendation of the undersigned
4 Magistrate Judge is submitted to the United States District
5 Judge assigned to this case, pursuant to the provision
6 of 28 U.S.C. § 636(b)(1).
7    **IT IS ORDERED** that no later than **April 17, 2013**, any
8 party to this action may file written objections with the
9 Court and serve a copy on all parties. The document
10 should be captioned "Objections to Report and Recommendation."
11
12    **IT IS FURTHER ORDERED** that any reply to the objections
13 shall be filed with the Court and served on all
14 parties no later than **May 1, 2013**. The parties are
15 advised that failure to file objections within the specified
16 time may waive the right to raise those objections on
17 appeal of the Court's order. Martinez v. Ylst, 951 F.2d
18 1153 (9th Cir. 1991).
19 IT IS SO ORDERED.
20 DATED: March 20, 2013

                                      Hon. William V. Gallo
                                      U.S. Magistrate Judge